## RISINGER v. SULLIVAN.

(Court of Civil Appeals of Texas. San Antonio. Dec. 3, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error complaining of the exclusion of evidence will be overruled, where the statement of facts does not contain that part of the evidence, and where the judge's qualification of the bill of exceptions shows that that part was excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. TRIAL (§ 229*)—INSTRUCTIONS—UNDUE EMPHASIS OF FACTS.

Where the evidence is so conflicting as to authorize the jury to find for either party, instructions so emphasizing and repeating the theory of plaintiff's cause that they amount to a peremptory instruction for him are erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

Appeal from Jim Wells County Court; W. R. Perkins, Judge.

Action by J. E. Sullivan against William Risinger. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

L. Broeter, of Alice, and C. A. Davies, of San Antonio, for appellant. B. D. Tarlton, Jr., of Beeville, for appellee.

TALIAFERRO, J. This was a suit by J. E. Sullivan, appellee, against William Risinger, appellant, for a mule. It was alleged that on November 1, 1912, appellee was in possession of the mule, and that upon that day appellant wrongfully took it from him, and refused to surrender it to him. Appellant claimed the mule as his own. The evidence was voluminous and conflicting. The jury might have found in favor of either party, with ample evidence to support the verdict. They did find in favor of appellee, Sullivan, and the court adjudged the mule to him.

[1] There is no merit in appellant's first assignment of error. The statement of facts does not contain the part of the testimony to which the assignment is directed, and the judge's qualification of the bill of exceptions shows that that part of the evidence was excluded. The assignment is overruled.

[2] The second, third, fourth, and fifth assignments of error are sustained. They assail the court's general charge to the jury. We have examined the charge, and find that it so emphasizes and repeats the theory of the plaintiff's cause that it amounts to a peremptory instruction for the plaintiff.

The other assignments of error complain of the court's refusal to give certain special charges requested by appellant. Upon another trial we have no doubt a more maturely prepared charge will be given to the jury, and we deem it unnecessary, if proper, to further discuss the questions which bear upon issues raised in the case, and the judgment will, without further discussion, be reversed, and the cause remanded.